IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEVEN KEAN**                                              **PLAINTIFF**

**V.**                          **CIVIL ACTION NO.:** 3:20-cv-312-TSL-RHW

**RPT DISTRIBUTING, INC.;**
**RICK'S PRO-TRUCK & AUTO ACCESSORIES, INC.; AND**
**PRO COAT, INC.**                              **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Steven Kean, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for a violation of his rights under the Age Discrimination in Employment Act, as amended, (ADEA), against RPT Distributing, Inc., Rick's Pro-Truck & Auto Accessories, Inc., and Pro Coat, Inc. (hereinafter "Defendants") all of which entities were joint employers of Plaintiff and are related and common enterprises. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Steven Kean, is an adult male citizen of Rankin County, Mississippi, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

2. Defendant, RPT Distributing, Inc., is a Mississippi Corporation that may be served with process through its registered agent: Richard A. Estel, 1010 Creekwood Drive, Flowood, Mississippi 39232. Defendant and its related entities are a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and thus, is a covered "employer" as defined by the ADEA.

1

3. Defendant, Rick's Pro-Truck & Auto Accessories, Inc., is a Mississippi Corporation that may be served with process through its registered agent: Richard A. Estel, 3201 Louis Wilson Drive, Brandon, Mississippi 39042. Defendant and its related entities are a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and thus, is a covered "employer" as defined by the ADEA.

4. Defendant, Pro Coat, Inc., is a Mississippi Corporation that may be served with process through its registered agent: Richard A. Estel, 3201 Louis Wilson Drive, Brandon, Mississippi 39042. Defendant and its related entities are a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and thus, is a covered "employer" as defined by the ADEA.

## JURISDICTION AND VENUE

5. This court has federal question and civil rights jurisdiction for a cause of action arising under the ADEA.

6. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

7. Plaintiff timely filed his Charge of Discrimination with the EEOC on February 21, 2020, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on February 27, 2020, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF THE FACTS

8. Plaintiff is a 60-year-old male resident of Rankin County, Mississippi.

9. Plaintiff was hired by the Defendants on April 23, 2012, as a Controller and personal accountant for Richard Estel, sole shareholder of the RPT companies.

10. During Plaintiff's entire seven-year tenure with the Defendants, Plaintiff maintained an excellent record of performance and was never written up or reprimanded.

11. Moreover, during that time Plaintiff introduced the company to several cost savings strategies that ultimately saved and continues to save RPT a significant amount of money.

12. Plaintiff also was greatly concerned about the company's vulnerability to having so many critical functions dependent upon himself and took steps to help management create redundancy and reduce the inherent risk in having a single person responsible for critical functions.

13. In July of 2019, Mr. Estel, and his family went on a family vacation.

14. While on vacation, Mr. Estel's family, convinced Mr. Estel that it was time to let Plaintiff go.

15. On July 29, 2019, after Mr. Estel returned from his vacation, Mr. Estel abruptly terminated Plaintiff, Mr. Estel told Plaintiff "I think it's time to execute your exit plan."

16. There had been no indication from Mr. Estel that he had been in any way dissatisfied with Plaintiff's performance prior to that.

17. Plaintiff advised Mr. Estel that there were a number of critical duties and functions to which only he, Plaintiff, had knowledge of and his immediate departure would not allow for an orderly transition of said duties to other employees and the Defendants' CPA firm, which had recently been engaged to assist in the transition to a new accounting software package.

18. Plaintiff hoped that in doing so, not only would he demonstrate to Mr. Estel his concern for the overall well-being of the company, but that his good faith actions might change Mr. Estel's mind about terminating his employment.

19. On August 29, 2019, MR. Estel went forward with his initial plan and terminated Plaintiff.

20. Upon termination, Mr. Estel gave Plaintiff an additional amount of compensation.

21. However, Mr. Estel did not offer Plaintiff any formal separation agreement to sign, only the explanation from Mr. Estel was "I think it's time to execute your exit plan."

22. After Plaintiff's termination, the Defendants replaced Plaintiff position with a substantially younger employee, Cassandra Moore (in her 30s), who had substantially less experience than Plaintiff.

23. During Plaintiff's employment with the Defendants, Plaintiff had no write ups or disciplinary issues with the Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE ADEA - AGE DISCRIMINATION

24. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

25. Defendants' actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40. Plaintiff was more than qualified for his position as Controller with Defendants. Plaintiff suffered an adverse employment decision, i.e., termination. Defendants replaced Plaintiff with a substantially younger individual, Cassandra Moore, who was substantially lesser qualified than Plaintiff. As such, Plaintiff has established a *prima facie* case of age discrimination.

26.    The unlawful actions taken by Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Liquidated damages;
5. Pre-judgment and post-judgment interest;
6. A tax gross-up and all make whole relief;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which Plaintiff may be properly entitled under the ADEA.

THIS the 29th day of April 2020.

Respectfully submitted,

STEVEN KEAN, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com